IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

BRYANT L. MARSHALL,

    Defendant/Movant.

FILED AT ALBUQUERQUE NM
OCT 0 3 2000
ROBERT M. MARCH
CLERK

Civ. No. 99-1435 JC\RLP
Cr. No. 96-220 JC

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1.    This is a proceeding on a Motion to Vacate, Set Aside or Correct Sentence and Conviction, filed pursuant to 28 U.S.C. § 2255. Defendant/Movant Bryant L. Marshall is represented by counsel in this proceeding. He attacks the judgment and sentence of the United States District Court for the District of New Mexico, entered in *United States v. Marshall, et al.*, Cr. No. 96-220 JC. After a jury trial, Mr. Marshall was convicted of (1) conspiracy to possess with intent to distribute one kilogram and more of a substance containing methamphetamine and aiding and abetting in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2; and (2) possession with intent to distribute 100 grams and more of a substance containing methamphetamine on April 4, 1996, and aiding and abetting in

---

[1] Within ten (10) days after a party is served with a copy of this "Proposed Findings and Recommended Disposition" (hereinafter, the "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court to the Proposed Findings. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.

violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B) and 18 U.S.C. § 2. [2] He was sentenced to 240 months' imprisonment for Count I and 151 months' imprisonment for Count II, such terms to run concurrently. *See United States v. Marshall*, 166 F.3d 349 (1998 WL 833613, **1) (10th Cir. 1998) (unpublished disposition).

2. In his direct appeal, Mr. Marshall argued that the evidence was insufficient to support either of his convictions. The Tenth Circuit Court of Appeals affirmed, finding sufficient evidence to convict on both counts. In this § 2255 motion, Mr. Marshall attempts to override that opinion by arguing that his trial counsel was constitutionally ineffective.

3. To establish ineffective assistance of counsel, a defendant must prove both that counsel's performance was constitutionally deficient *and* that counsel's deficient performance prejudiced the defense, depriving the defendant of a fair trial with a reliable result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Both elements must be met; failing either, the defendant cannot prevail. *Id.* at 697.

4. To prove deficient performance, Mr. Marshall must overcome the presumption that counsel's conduct was constitutionally effective: he "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. Counsel's performance must have been completely unreasonable, not merely wrong. *Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir. 1997).

5. To establish prejudice, Mr. Marshall must show that but for counsel's errors, there is a reasonable probability of a different outcome (*i.e.*, acquittal). *Strickland*, 466

---

[2] Mr. Marshall was indicted along with 10 co-defendants and tried with four of those individuals. *United States v. Marshall*, 166 F.3d 349 (1998 WL 833613, **1) (10th Cir. 1998 (unpublished disposition).

U.S. at 694. Mr. Marshall cannot establish either element.

6.    Mr. Marshall asserts that counsel was ineffective for failing (i) to prepare for trial; (ii) to investigate the case; (iii) to bring forth witnesses to corroborate Mr. Marshall's version of events; and (iv) to offer a jury instruction on the defense of entrapment. Each argument will be addressed in turn.

7.    Mr. Marshall claims that the only time he saw his lawyer was when he was required to deliver money to the office. This naked allegation is factually unsupported: he fails to offer an affidavit, copies of his lawyer's billings, or any other evidence which would support this contention. Conclusory allegations without supporting facts are insufficient to support a claim of ineffective assistance. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).[3]

8.    Grounds three and four are essentially the same: a thorough investigation, Mr. Marshall contends, would have produced witnesses to corroborate his version of events. These claims, however, suffer the same infirmity as ground one: he merely makes conclusory allegations without supporting facts. As the Government points out, Mr. Marshall states that "Heather" should have been located to give her testimony. Mr. Marshall does not know Heather's last name, her whereabouts, or her testimony. Similarly, he identifies two other witnesses whom he believes would have corroborated his

---

[3] Mr. Marshall also argues that counsel was ineffective for failing to redirect after Mr. Marshall was cross-examined. This clearly falls into the category of trial strategy which courts do not second-guess. *Strickland*, 466 U.S. at 689. Mr. Marshall also reports a colloquy between the trial court and counsel which he contends prejudiced his case. As pointed out by the Government, this discussion did not occur within the jury's hearing. To the extent Mr. Marshall argues that the jury may have understood counsel to say what the judge thought counsel said, that contention is pure speculation.

3

testimony that he did not attempt to flee the premises.  However, Mr. Marshall again fails to provide the court with affidavits or statements, indeed *any* evidence beyond his mere "belief" as to their purported testimony.  This claim also fails.

9.	Finally, Mr. Marshall argues that counsel should have argued entrapment to the jury.  Entrapment means that an unpredisposed individual was induced or coerced by the government to commit a crime.  *United States v. Mendoza-Salgado*, 964 F.2d 993, 1002 (10thCir. 1992).  Mr. Marshall offers no facts to support the elements of entrapment and therefore counsel by definition could not have been ineffective for failing to raise the defense.

## RECOMMENDED DISPOSITON

I recommend that the Motion to Vacate, Set Aside or Correct Sentence and Conviction be denied and this case be dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge

4